CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 16 2006
JOHN F. CORCORAN, CLERK
BY: /s/ HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TERRELL WADE, | ) | |
| Plaintiff, | ) | Civil Action No. 7:06cv00352 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DAVID ROBINSON, | ) | |
| Defendant. | ) | By: Jackson L. Kiser |
| | ) | Senior U.S. District Judge |

nausea

Plaintiff Terrell Wade, a Virginia inmate proceeding pro se, brings what this court will construe as a civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343.[1] Plaintiff alleges defendant, David Robinson, Warden of Wallens Ridge State Prison, instituted a ninety day water conservation policy which resulted in reduced periods of in-cell, running water and toilet flushing opportunities, thereby exposing plaintiff to a health risk and degrading living conditions. Wade seeks punitive and compensatory damages and injunctive relief. Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[2]

---

[1] Plaintiff, acting pro se, has requested that this matter be maintained as a class action on behalf of "Petitioners of Hazardons (sic)." While class actions are appropriate in § 1983 litigation, Kirby v. Blackledge, 530 F.2d 583, 588 (4th Cir.1976), this circuit does not certify a class where a pro se litigant will act as representative of that class. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975). Accordingly, plaintiff cannot bring this suit as a class action. Nonetheless, the court will consider his complaint as an individual suit brought pursuant to 42 U.S.C. § 1983.

[2] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

## I.

Wade alleges that due to a water emergency in Big Stone Gap, Virginia, the Wallens Ridge State Prison instituted an intolerable water conservation policy for ninety days. Specifically, Wade states that from approximately September 22, 2005 through December 22, 2005, toilet flushing periods were limited to four times per day and running water was limited to four hours per day. Plaintiff contends that the reduction of running water and flushing opportunities resulted in unsanitary and degrading living conditions and increased exposure to "toxic" and "explosive" gases. Further, he claims that these conditions have caused him headaches, gastrointestinal distress, and exacerbated his asthma and allergies.

## II.

While the Eighth Amendment does protect prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Therefore, to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege, among other things, facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

Although reduced running water and toilet flushing periods and exposure to excrement odors

2

may be uncomfortable, Wade has not demonstrated that, because of those conditions, he sustained a serious or significant injury, rather, he complains only that this exposure caused him headaches and gastrointestinal distress and exacerbated his allergies and asthma. See Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir.1999) (holding that the plaintiff failed to allege injuries that were "sufficiently serious to be constitutionally actionable," where the plaintiff stated that his exposure to environmental tobacco smoke resulted in breathing problems, chest pains, dizziness, sinus problems, headaches, and a loss of energy), Oliver v. Deen, 77 F.3d 156, 160 (7th Cir. 1996)(finding that evidence of "considerable" medical treatment for asthma related concerns following exposure to smoke did not establish constitutionally significant injury); Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir. 2003)(stating that any injury incurred from vomiting and nausea which was not so severe as to require medical intervention or have lasting health effects, was de minimis). Further, Wade concedes that these conditions lasted for only ninety days and were resolved nearly six months ago, but he has not alleged anything which suggests that he, any other inmate, or a correctional officer has since developed any medical malady reasonably attributable to those conditions. Accordingly, I find that Wade has not alleged significant current or future injury with regard to his claims and, therefore, fails to state a claim under the Eighth Amendment.

### III.

Based on the foregoing, I find that Wade has not presented any claims that constitute a violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice pursuant

3

Case 7:06-cv-00352-JLK-mfu    Document 8    Filed 06/16/06    Page 3 of 4    Pageid#: 42

to 28 U.S.C. § 1915A(b)(1).[3]

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 16th day of June, 2006.

Senior United States District Judge

---

[3] Plaintiff is hereby advised that this dismissal constitutes a second "strike" under 28 U.S.C. § 1915(g). See Wade v. Young, Civil Action No. 7:05cv00014.

4